IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERTAJA FORD, on Behalf of Herself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:22-cv-1706 |
| MALIHA EBRAHIM, INC. (d/b/a Whiz Kid Learning Center) and MALIHA EBRAHIM, | § § § § | FLSA COLLECTIVE ACTION |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gertaja Ford ("Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against Maliha Ebrahim, Inc. (d/b/a Whiz Kid Learning Center) ("Whiz Kid") and Maliha Ebrahim ("Ms. Ebrahim") (collectively "Defendants"), showing in support as follows:

### I.   NATURE OF THE CASE

1. This is a civil action brought by Plaintiff, individually and as a collective action, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' failure to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek as employees of Defendants.

2. Whiz Kid is a preschool located in Duncanville, Dallas County, Texas.

3. Plaintiff alleges that Whiz Kid, and one of its owners and directors, Ms. Ebrahim, are and/or were employers and/or joint employers of Plaintiff and the putative collective action members under the FLSA relative to the claims in this lawsuit.

4. Plaintiff is a former hourly paid childcare employee of Defendants with dates of employment from approximately October 26, 2021 to approximately July 29, 2022.

5. Defendants have and had a written policy to not pay any employees time and one-half their respective regular rates of pay when they worked more than 40 hours in a seven-day workweek.

6. Plaintiff routinely worked more than 40 hours per seven-day workweek as an employee of Defendants. However, Defendants did not pay Plaintiff time and one half her regular rate of pay for all hours worked over 40 in each and every seven-day workweek. Instead, Defendants generally paid Plaintiff straight time only based on Plaintiff's hourly rate of pay without paying her any overtime premium pay.

7. Defendant employed numerous other hourly paid childcare employees who are and/or were similarly situated to Plaintiff, regularly worked more than 40 hours per seven-day workweek, and like Plaintiff, are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each such workweek.

8. Defendants' failure to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 per seven-day workweek is a violation of the FLSA.

9. Plaintiff, on behalf of herself and all others similarly situated, seeks all damages available under the FLSA, including unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.    THE PARTIES, JURISDICTION, AND VENUE

**A.    Plaintiff Gertaja Ford**

10. Plaintiff is a natural person who resides in DeSoto, Texas. She has standing to file this lawsuit.

11. Plaintiff was employed by Defendants at 1407 Oak Ridge Drive, Duncanville, Texas 75137.

12. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**B.  Putative Collective Action Members**

13. The putative collective action members are all current and/or former hourly paid childcare employees of Defendant who work(ed) more than 40 hours in any seven day workweek, and like Plaintiff, are not and/or were not paid time and one-half their respective regular rates of pay for all such hours worked over 40 per workweek.

14. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward

15. Because the putative collective action members are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 per seven day workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

16. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

17. Plaintiff asks that the Court certify this lawsuit as a FLSA collective action and authorize the issuance of notice to the putative collective action members.

**C.  Defendant Maliha Ebrahim, Inc. (d/b/a Whiz Kid Learning Center)**

18. Whiz Kid is a domestic for-profit corporation.

19. Whiz Kid is registered with the Texas Secretary of State to conduct business operations in Texas.

20. Whiz Kid's principal place of business, as listed with the Texas Secretary of State, is 211 Cimmaron Trail, Unit 7, Irving, Texas 75063.

21. The preschool operated by Defendants made the subject matter of this lawsuit is located at 1407 Oak Ridge Drive, Duncanville, Texas 75137.

22. At all times relevant to this lawsuit, Whiz Kid has engaged in the operation of a preschool.

23. At all times relevant to this lawsuit, Whiz Kid is and has been an "enterprise engaged in commerce" as defined by the FLSA. *See* 29 U.S.C. § 203(s)(1)(B).

24. Whiz Kid may be served with summons through its registered agent, Maliha Ebrahim, 211 Cimmaron Trail, Unit 7, Irving, Texas 75063.

D. **Defendant Maliha Ebrahim**

25. Ms. Ebrahim is a natural person.

26. Ms. Ebrahim is an owner and director of Whiz Kid.

27. Ms. Ebrahim has and had operating control over the employees who work at Whiz Kid.

28. Ms. Ebrahim possessed the power to hire and fire employees of Whiz Kid, including Plaintiff. For example, Ms. Ebrahim hired Plaintiff.

29. Ms. Ebrahim supervised and controlled work schedules for employees of Whiz Kid, including Plaintiff. For example, Ms. Ebrahim routinely assigned Plaintiff's work schedule.

30. Ms. Ebrahim controlled the conditions of employment for employees of Whiz Kid, including Plaintiff.

31. Ms. Ebrahim determined the rate and method of payment for employees of Whiz Kid, including Plaintiff. For example, Ms. Ebrahim set Plaintiff's method and rate of pay which

was generally $10 per hour. However, Ms. Ebrahim sometimes unilaterally reduced Plaintiff's hourly rate of pay to $7.25 per hour.

32. Ms. Ebrahim maintained employment records of employees of Whiz Kid, including Plaintiff.

33. Ms. Ebrahim may be served with summons at 211 Cimmaron Trail, Unit 7, Irving, Texas 75063.

**E.    Jurisdiction and Venue**

34. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

35. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

36. During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

37. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

38. Venue is proper in this Court because Plaintiff's work for Defendants made the subject matter of this lawsuit occurred in this District and Division. Furthermore, Whiz Kid's principal place of business is located in Dallas County, Texas and Ms. Ebrahim resides in Dallas County, Texas.

### III.    FACTUAL BACKGROUND

39. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

40. Whiz Kid is a preschool located in Duncanville, Dallas County, Texas.

41. Plaintiff was employed by Whiz Kid between approximately October 26, 2021 to approximately July 29, 2022.

42. Plaintiff was paid on an hourly basis by Whiz Kid.

43. Plaintiff's primary job duties as an employee of Whiz Kid was childcare.

44. Plaintiff's workdays for Whiz Kid were generally Monday to Friday.

45. Defendants have and had a written policy to not pay any employees time and one-half their respective regular rates of pay when they worked more than 40 hours in a seven-day workweek. A true and correct copy of that policy, as shown on Defendant's website[1], is below:

**SECTION 21: OVERTIME**

We do not pay overtime, in lieu of overtime you can request time off if we are fully staffed.  Or you can get paid 1099 in form of a bonus check if you want.

46. Plaintiff routinely worked more than 40 hours per seven-day workweek as an employee of Whiz Kid. However, Whiz Kid did not pay Plaintiff time and one half her regular rate of pay for all hours worked over 40 in each and every seven-day workweek. Instead, Whiz Kid generally paid Plaintiff straight time only based on Plaintiff's hourly rate of pay without paying her any overtime premium pay.

47. For example, during the seven-day workweek that corresponds to Plaintiff's workdays of Monday, July 11, 2022 to Friday, July 15, 2022, Whiz Kid credited Plaintiff with 49.39 hours worked. There are 9.39 overtime hours worked by Plaintiff in that corresponding seven-day workweek. However, Whiz Kid did not pay Plaintiff time and one-half her regular rate of pay for any of those overtime hours worked.

---

[1] https://whizkidlc.info/personnel-handbook/ (Last accessed on August 7, 2022).

48. Whiz Kid employed numerous other hourly paid childcare employees who are and/or were similarly situated to Plaintiff, regularly worked more than 40 hours per seven-day workweek, and like Plaintiff, are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each such workweek.

49. Defendants' failure to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 per seven-day workweek is a violation of the FLSA.

50. Plaintiff, on behalf of herself and all others similarly situated, seeks all damages available under the FLSA, including unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## IV.   CONTROLLING LEGAL RULES

51. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

52. "Enterprise engaged in commerce or in the production of goods for commerce means an enterprise that … is engaged in the operation of … a preschool …(regardless of whether or not such … institution or school is public or private or operated for profit or not for profit)." 29 U.S.C. § 203(s)(1)(B).

53. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

54. "The FLSA defines an employee as any individual employed by an employer." *Lovo v. Express Courier Intl., Inc.*, 4:16-CV-853-Y, 2019 WL 387367, at *2 (N.D. Tex. Jan. 30,

2019) (citing 29 U.S.C. § 203(e)(1) (brackets and quotations omitted)). "Employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* (citing 29 U.S.C. § 203(d)). "[E]mploy means to suffer or permit to work." *Id.* (citing 29 U.S.C. § 203(g) (quotations omitted)). Accordingly, "the definition of employee under the FLSA is particularly broad." *Id.* (citing *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (brackets omitted)).

55. Individual owners, officers, and/or managers may be liable, along with corporate employer, for FLSA damages to employees. *See, e.g., Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012). ("The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies."). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir.2010)). At least one of those four elements needs to be present in order to show that an individual is an employer under the FLSA. *Gray*, 673 F.3d at 357.

56. "The joint employment doctrine treats a worker's employment by joint employers as one employment for purposes of determining compliance with the FLSA's wage and hour requirements." *Seong Song v. JFE Fran., Inc.*, 394 F. Supp. 3d 748, 754–55 (S.D. Tex. 2019) (citing *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 134 (4th Cir. 2017); 29 C.F.R. § 791.2(a) (quotations omitted)). "Under the FLSA, a single worker may stand in the relation of an employee to two or more employers at the same time." *Id.* at 754 (citing 29 C.F.R. § 791.2(a)

(quotations and brackets omitted)). "If all the relevant facts establish that those employers are acting entirely independently of each other and are completely disassociated with respect to the employment of the employee, then they are treated as separate and distinct employers. *Id.* (quotation and citation omitted). "On the other hand, if the facts show that employment by one employer is not completely disassociated from employment by the other employer(s), then they are treated as joint employers." *Id.* (citing 29 C.F.R. § 791.2(a); *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983) (recognizing that the term "employer" "has been interpreted to encompass one or more joint employers")).

57.     "Thus, a finding of joint employment requires that the hours an employee works for each joint employer be aggregated for overtime pay purposes and that the joint employers be held jointly and severally liable for any failure to pay proper overtime compensation. *Id.* (citing *Wirtz v. Hebert*, 368 F.2d 139, 141 (5th Cir. 1966); *Mitchell v. John R. Cowley & Bro., Inc.*, 292 F.2d 105, 111–12 (5th Cir. 1961). "Joint employment is construed broadly, and labels and contractual terms used in a particular relationship are largely unimportant." *Id.* "Joint employment is construed broadly, and labels and contractual terms used in a particular relationship are largely unimportant." *Parker v. ABC Debt Relief, Ltd. Co.*, 3:10-CV-1332-P, 2013 WL 371573, at *4 (N.D. Tex. Jan. 28, 2013).

58.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time

earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

59. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

60. With a few limited exceptions, all remuneration given to an employee, including bonus pay, must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

61. "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009)). *See also*, *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016) (The employer bears the burden of proof to establish that remuneration can be excluded from the regular rate of pay pursuant to one of the statutory exclusions set forth in 29 U.S.C. § 207(e)).

62. Failing to pay the required overtime premium for hours worked over 40 in a seven-day workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V.   FLSA CLAIMS

63. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

64. Plaintiff respectfully asks that the Court certify this lawsuit as a FLSA collective action and authorize the issuance of notice to the putative collective action members.

65. Plaintiff was employee of Whiz Kid pursuant to the FLSA. 29 U.S.C. § 203(e).

66. The putative collective action members are and/or were employees of Whiz Kid pursuant to the FLSA. 29 U.S.C. § 203(e).

67. Plaintiff was an employee of Ms. Ebrahim pursuant to the FLSA. *Gray*, 673 F.3d at 357.

68. The putative collective action members are and/or were employees of Ms. Ebrahim pursuant to the FLSA. *Gray*, 673 F.3d at 357.

69. At times relevant, Whiz Kid is and/or has been an eligible and covered employer under the FLSA relative to the employment of Plaintiff and the putative collective action members with Defendants. 29 U.S.C. § 203(d).

70. At times relevant, Ms. Ebrahim is and/or has been an eligible and covered employer under the FLSA relative to the employment of Plaintiff and the putative collective action members with Defendants. 29 U.S.C. § 203(d); Gray, 673 F.3d at 357.

71. Whiz Kid and Ms. Ebrahim are and were joint employers of Plaintiff and the putative collective action members relative to the claims in this lawsuit. *Wirtz*, 368 F.2d at 141.

72. At times relevant, Whiz Kid is and/or has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(B).

73. Plaintiff was a covered employee under 29 U.S.C. § 207(a)(1) relative to her employment with Defendants.

74. The putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1) relative to their respective employment with Defendants.

75. Plaintiff and the putative collective action members routinely work(ed) in excess of 40 hours per seven-day workweek as employees of Defendants. However, Defendants did not pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek.

76. The failure of Defendants to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 in all applicable seven-day workweeks is a violation of the FLSA.

77. The regular rate of pay for Plaintiff and the putative collective action members includes their respective hourly base rates of pay in addition to any and all bonus pay paid them pursuant to Defendants' aforementioned written policy against overtime pay.

78. Plaintiff, on behalf of herself and the putative collective action members, alleges that Defendants are jointly and severally liable for their respective damages in this lawsuit.

79. Defendants' violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants are and were aware that Plaintiff and the putative collective action members are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek. In fact, Defendants have a written policy to not pay non-exempt employees time and one-half their respective regular rates of pay for all hours worked over 40 per seven-day workweek.

80. Plaintiff, on behalf of herself and the putative collective action members, seeks all damages available for Whiz Kid's and/or Ms. Ebrahim's failure to timely pay all FLSA overtime wages owed.

## VI. JURY TRIAL DEMAND

81. Plaintiff demands a trial by jury.

## VII.   DAMAGES AND PRAYER

82.   Plaintiff, on behalf of herself and all others similarly situated, asks that they be awarded a judgment against Whiz Kid and/or Ms. Ebrahim and/or order(s) from the Court for the following:

  a. Certification of this lawsuit as a FLSA collective action with notice issued to the putative collective action members,

  b. All damages allowed by the FLSA, including back overtime wages,

  c. Liquidated damages in an amount equal to back FLSA mandated wages,

  d. Reasonable legal fees,

  e. Costs,

  f. Post-judgment interest, and/or

  g. All other relief to which Plaintiff and the putative collective action members are entitled.

Date: August 7, 2022.

Respectfully submitted,

By:   s/ Allen R. Vaught
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(972) 707-7816 – Telephone
(972) 591-4564 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF